# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BONNIE QUAINTANCE,<br><br>　　　　　Plaintiff,<br>　v.<br>HERB HALLMAN CHEVROLET, INC., dba CHAMPION CHEVROLET,<br><br>　　　　　Defendant. | Case No. 3:20-cv-00084-MMD-WGC<br><br>ORDER |

Plaintiff Gary Quaintance[1] filed a complaint alleging unlawful retaliation under Title VII of the Civil Rights Act of 1964 and claims for wrongful termination, breach of contract, and negligence in hiring under Nevada state law. (ECF No. 1.) Defendant Herb Hallman Chevrolet, Inc., counters that Plaintiff's claims are subject to a blanket arbitration agreement he signed upon his hiring. (ECF No. 14 at 2.) Before the Court is Defendant's Motion to Compel Arbitration ("Motion to Compel"). (ECF No. 14.) In the alternative, Defendant requests that the Court dismiss three of Plaintiff's four claims as time-barred. (ECF *Id.* at 8-13.) Because Plaintiff does not oppose arbitration,[2] the Court will grant the Motion to Compel and stay this case.

///

---

[1]Bonnie Quaintance, as the Special Administrator of the Estate of Gary Quaintance, was substituted as the named plaintiff on September 11, 2020. (ECF No. 23.)

[2]The Court recognizes that Plaintiff may dispute whether Quaintance in fact signed the arbitration agreement. (ECF No. 19 at 1, 2.) However, in light of Plaintiff's agreement to arbitrate (ECF No. 19 at 3) and Defendant's submission of Plaintiff's preserved testimony in which Plaintiff said the signature appeared to be his own (ECF No. 14-2 at 7), the Court does not consider this argument to oppose arbitration. *See Navarette v. Poly-West, Inc.*, Case No. 2:18-cv-01805-GMN-NJK, at \* (D. Nev. May 27, 2020) (granting a motion to compel arbitration when a Plaintiff did not explicitly disclaim the authenticity of the signature).

While it is fundamental that "a party cannot be required to submit to arbitration any dispute which [it] has not agreed to submit," *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011), Plaintiff does not oppose arbitration provided that the Court stay the present case rather than dismissing his federal and state law claims. (ECF No. 19 at 3.) Therefore, the Court should only deny arbitration where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Comm'n Workers*, 475 U.S. 643, 650 (1986). The arbitration agreement purports to cover "all disputes that may arise out of the employment context," expressly providing that "this voluntary alternative dispute resolution program cover[s] claims of discrimination or harassment under Title VII of the Civil Rights Act of 1964." (ECF No. 14-1 at 2.) Because Plaintiff's federal and state law claims all "arise out of the employment context," the Court finds that the claims alleged in Plaintiff's complaint are covered by the arbitration clause. *See AT&T Tech. Workers*, 475 U.S. 643.

In sum, the claims are subject to the agreement and Plaintiff does not oppose submitting them to an arbitrator. The Court therefore finds no reason to deny the Motion to Compel.

It is therefore ordered that Defendant's motion to compel arbitration (ECF No. 14) is granted.

It is further ordered that this case is stay pending arbitration.

It is further ordered that within 30 days of the conclusion of the arbitration proceedings, the parties will apprise the Court on the status of the case.

The Clerk of Court is directed to administratively close this case.

DATED THIS 30th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE